UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR M. M.,[1]

        Petitioner,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, et al.,

        Respondents.

No.  1:25-cv-01725-KES-SKO (HC)

ORDER VACATING FINDINGS AND
RECOMMENDATIONS AND DIRECTING
RESPONDENT TO FILE A RESPONSE

(Doc. 7)

Petitioner Edgar M. M. is an immigration detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 5, 2025, the Court issued Findings and Recommendations to dismiss the petition without prejudice.  (Doc. 7.)  On January 5, 2026, Petitioner filed objections to the Findings and Recommendations.  (Doc. 10.) After considering the additional arguments presented in the objections, the Court will vacate the Findings and Recommendations and direct Respondent

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

to file a response.

Initially, the Court found no merit to Petitioner's complaint that he was being subjected to unreasonably prolonged detention, because Petitioner had alleged he had only been detained one month. In his objections, Petitioner alleges he is being subjected to detention without reasonable process. He contends he was taken into custody with no apparent change in circumstances. He alleges Respondents have failed to provide him with a fair custody review. He also claims Respondents have elected to detain him with no individualized assessment of danger or flight risk. In addition, in his petition, he alleges he was denied a bond hearing with citation to Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). It appears that Petitioner may have been denied a bond hearing due to Respondent's reinterpretation of 8 U.S.C. § 1225(b)(2). That interpretation has since been determined to be untenable. Bautista v. Santacruz, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).

Thus, although vague, in addition to his claim of indefinite detention, Petitioner appears to claim his re-detention without a change in circumstances and without notice and opportunity to be heard violated his constitutional due process rights. He also appears to claim that Respondent's denial of a bond hearing on an incorrect reading of the statute violates his procedural due process rights.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE all relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1. The Findings and Recommendations issued on December 5, 2025, (Doc. 7), are VACATED.

2

2.      Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.  The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.

3.      Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  The matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **January 20, 2026**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE