# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR FAUBRICIO M.M.,[1]<br>(A Number: 206-479-384)<br><br>Petitioner,<br>v.<br><br>WARDEN, *California City Detention Facility*,<br><br>Respondent. | Case No. 1:25-cv-01725-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT PETITION**<br><br>(Doc. 1)<br><br>FIVE-DAY DEADLINE |

Edgar Faubricio M.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), and associated motion for a temporary restraining order. (Doc. 13).[2] On February 5, 2026, the assigned district judge issued an order requiring Respondent to show cause why the writ should not be granted. (Doc. 14). On February 10, 2026, Respondent filed a response to the order to show cause. (Doc. 18). On February 10, 2026, the assigned district judge ordered Petitioner to file a reply to Respondents' response addressing "whether he is subject to 8 U.S.C. § 1226(c)(1)(A), and if so, the effect of this on his claim." (Doc. 19). Petitioner filed a reply, to which Respondents filed a response, (Doc. 20), and Petitioner filed another reply, (Doc. 22).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 9, 2026, the assigned district judge denied Petitioner's motion for a temporary restraining order, finding that Petitioner was not likely to succeed on his due process claim for failure to establish prejudice. (Doc. 23) The petition was then referred to the undersigned magistrate judge. (*Id.*). Petitioner then filed an affidavit addressing the deficiency identified in the district court's order denying the temporary restraining order. (Doc. 25).

On July 16, 2026, the undersigned ordered Respondents to provide the Court with a status update regarding the claimed detention authority and the status of Petitioner's removal proceedings. (Doc. 26). Respondents responded on July 22, 2026. (Doc. 27). Then on July 24, 2026, the undersigned ordered the parties to advise the court as to whether they wished to provide additional briefing. (Doc. 28). Petitioner filed a reply on July 27, 2026. (Doc. 29).

In their response to the petition and order to show cause, Respondent argues that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(A), due to his felony conviction for eluding police and section 1225(b)(2)(A) as an applicant for admission. (Doc. 21 at 1).

The undersigned makes the following findings of fact. Petitioner is a citizen of Honduras who entered without inspection and was first encountered by immigration authorities near the United States-Mexico border on February 8, 2014, at which time Petitioner was detained and placed in removal proceedings. (Doc. 21-1 at 3–4). Shortly thereafter, Petitioner was released on an order of recognizance. (*Id.* at 4). In late 2018, Petitioner was redetained and then released on bond on February 25, 2019. (Doc. 13 at 2–3). In December 2019, Petitioner was convicted of Felony Law Enforcement Command: Disregard or Elude, Endanger, in violation of Va. Code Ann. § 46.2-817. (Doc. 21-1 at 5). Petitioner was redetained on October 15, 2025. There is a factual dispute as to the events that occurred during this redetention. (*Compare* Doc. 18 at 2, *with* Doc. 25). Respondents represent that Petitioner's removal proceedings remain pending. (Doc. 27).

Turning to the merits, the undersigned first concludes that *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), forecloses Respondents' argument as to section 1225(b)(2)(A).

Turning to Respondent's contentions as to detention under section 1226(c)(1)(A), the

undersigned incorporates and adopts the reasoning set forth in *Kakkar v. Chestnut*, No. 1:25-cv-1627-JLT-SAB, 2025 WL 3638298, at *8 (E.D. Cal. Dec. 15, 2025), where the court concluded that petitioner—a noncitizen convicted of a deportable offense, namely an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii)—was subject to mandatory detention under 8 U.S.C. § 1226(c), but was entitled to injunctive relief based on his as-applied due process challenge. *Id.* at *1–2, 5 (involving a lawful permanent resident who served time in prison for deportable aggravated felonies, was placed in removal proceedings in 2018, was released from prison in 2021, and was not detained by ICE until 2025). This Court in *Kakkar* explained that the petitioner had developed a liberty interest during his four years of post-conviction freedom. *Id.* at *6. During his four years of release, petitioner completed a three-year term of criminal supervision, paid back some restitution owed, did not commit additional criminal offenses, was gainfully self-employed, maintained a stable residence, and contributed to his community. *Id.* at *6–7. Instead of detaining the petitioner after his release from prison in 2021, and despite being aware of his removability as early as 2018 (*e.g.*, date the Notice to Appear was issued), Immigration and Customs Enforcement (ICE) waited until 2025 to detain him pursuant to § 1226(c). *Id.* at *1–2. Yet, ICE failed to show a change in circumstances justified petitioner's arrest. *Id.* at *7.

There, this Court found that the petitioner was entitled to a bond hearing where the government bore the burden of showing a material change in circumstances justified petitioner's detention. *Id.* at *8; *see also Perera v. Jennings*, No. 21-cv-04136-BLF, 2021 WL 2400981, at *1, 4–6 (N.D. Cal. June 11, 2021) (granting a bond hearing where the government bears the burden of showing a material change in circumstances to justify petitioner's detention under § 1226(c) despite petitioner having been free from ICE custody for six years following his release from prison); *Pham v. Becerra*, No. 23-cv-01288-CRB, 2023 WL 2744397, at *1–2 (N.D. Cal. March 31, 2023) (granting a bond hearing where the government bears the burden of showing a material change in circumstances to justify petitioner's detention under § 1226(c) despite petitioner having been free from ICE custody for seven years following his release from prison).

Consistent with *Kakkar* and numerous other cases decided by this Court, *see*, *e.g.*, *Prior v. Andrews*, No. 1:25-CV-01131-JLT-EPG (HC), 2026 WL 698801, at *3 (E.D. Cal. Mar. 12,

2026), *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *9 (E.D. Cal. Aug. 15, 2025); *Drake v. Warden of the California City Det. Facility*, No. 1:26-CV-02242-KES-CDB (HC), 2026 WL 1601546, at *9 (E.D. Cal. June 4, 2026), *report and recommendation adopted sub nom. Drake v. Warden of California City Det. Facility*, No. 1:26-CV-02242-KES-CDB (HC), 2026 WL 1698641 (E.D. Cal. June 11, 2026); *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022), the undersigned finds that Petitioner states an as-applied challenge to section 1226(c) and that Petitioner has a due process interest in his continued liberty. While the undersigned notes that this case is partially distinguishable from several of these precedents in that Petitioner was provided a bond hearing at which the Immigration Judge determined, in the alternative, that Petitioner was a flight risk—there is no evidence that at that hearing the immigration judge placed the burden on the government to establish, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight or that there is a material change in his removal situation that would justify his re-detention. In light of Petitioner's affidavit refuting the government's allegations regarding the circumstances of his arrest, the undersigned finds that the outcome of the previously held bond hearing may have been affected by the alleged violation. Therefore, the undersigned finds that Petitioner has sufficiently established that the due process violation resulted in prejudice. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) ("prejudice . . . means that the outcome of the proceeding may have been affected by the alleged violation.").

**RECOMMENDATION**

Accordingly, the undersigned recommends the Court order that Petitioner be granted a bond hearing at which the government shall bear the burden at a bond hearing of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight or that there is a material change in his removal situation that would justify his re-detention. *See Carballo*, 2025 WL 2381464, at *9; *Kakkar*, 2025 WL 3638298, at *6; *Pham*, 2023 WL 2744397, at *7.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

of the Local Rules of Practice for the United States District Court, Eastern District of California. Within five (5) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 11, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE